UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMEGA DEMOLITION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NUMBER: 1:15-cv-5021 |
| | ) | |
| TECHNOLOGY INSURANCE | ) | |
| COMPANY, INC.; | ) | |
| AMTRUST NORTH AMERICA, INC. | ) | |
| AS AGENT AND/OR APPARENT | ) | |
| AGENT | ) | |
| OF TECHNOLOGY INSURANCE | ) | |
| COMPANY; IMPERIUM INSURANCE | ) | |
| COMPANY; AND TRISTAR RISK | ) | |
| MANAGEMENT, INC. AS AGENT | ) | |
| AND/OR APPARENT AGENT OF | ) | |
| IMPERIUM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT IMPERIUM INSURANCE COMPANY'S COUNTERCLAIM AGAINST PLAINTIFF / COUNTER-DEFENDANT OMEGA DEMOLITION CORP.**

COMES NOW Defendant IMPERIUM INSURANCE COMPANY (hereinafter "Imperium"), by and through its undersigned counsel, and for its counterclaim against Plaintiff Omega Demolition Corp. ("Omega"), states as follows:

**THE PARTIES**

1.  Imperium is an insurance company organized and existing under the laws of the State of Delaware.

2.  Omega is an Illinois Corporation with its principal place of business in Illinois

1

3. Omega has sought insurance coverage in excess of $75,000 under a workers compensation policy issued by Imperium through a complaint filed against Imperium in this action.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Imperium and Omega, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court has authority to declare the rights and obligations of the parties under the insurance contract issued to Omega by Imperium.

## **THE UNDERLYING LAWSUIT**

6. James McWorthey ("McWorthy") filed a lawsuit against Omega in the Circuit Court for the City of St. Louis, Missouri, styled *James McWorthey v. Omega Demolition Corp.*, Cause No.: 1422-CC00253 ("Underlying Lawsuit"), alleging a claim under the Jones Act, 46 U.S.C. §33 *et seq*. that McWorthey injured while employed as a seaman by Omega.

7. According to McWorthey's allegations in the Lawsuit, he was injured while working aboard a barge on the Ohio River in Kentucky. This accident makes the basis for the Underlying Lawsuit.

## **THE IMPERIUM POLICY**

8. The Imperium insurance policy is a Workers Compensation and Employers Liability insurance policy consisting of two parts, namely, Part One Workers Compensation Insurance and Part Two Employers Liability Insurance.

9. Upon receiving notice of McWorthey's injury, Imperium voluntarily began paying, and continues to pay, medical and indemnity benefits to McWorthey pursuant to the coverage afforded Omega under Part One Workers Compensation Insurance.

10. Subsequent to Imperium's voluntary payments, and in the midst of other payments and provision of benefits under the Workers Compensation coverage, McWorthey filed a Claim for Compensation with the Illinois Division of Workers Compensation.

11. Imperium has never denied coverage for Workers Compensation.

12. Coverage for McWorthey's Jones Act claim in the Underlying Suit is not provided in the policy by either Part One or Part Two.

13. Both the Workers Compensation and Employers Liability parts of the Imperium policy specifically exclude coverage for any and all federal workers or workmen's compensation laws, any federal occupational disease law.

14. The Employers Liability part (Part Two) further, and more specifically, excludes coverage for any bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 U.S.C. §§901-950), several other specific federal laws, and "any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws."

15. The Employers Liability part (Part Two) also excludes coverage for any "Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 U.S.C. §§51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws."

16. The Employer Liability part (Part Two) further excludes coverage for any "Bodily injury to a master or member of the crew of any vessel."

17. McWorthey's claim in the Underlying Suit is not covered by the Imperium policy, and Imperium has no duty to defend Omega in the Underlying Suit.

## THE PARTIES' ACTIONS PERTAINING TO THE UNDERLYING SUIT

18. McWorthey filed the Underlying Lawsuit in Missouri against Omega seeking relief allowed under the Jones Act.

19. Omega gave notice of this Underlying Lawsuit to Technology Insurance Company ("Technology").

20. Technology provided Omega with a defense to the Underlying Suit by retaining the law firm Holtkamp, Liese, Schultz & Hilliker, P.C., and specifically Attorney Jerry Wilding.

21. Omega did not provide notice to Imperium of the Underlying Lawsuit, nor did Omega request from Imperium coverage or a defense against the Underlying Lawsuit.

22. Imperium had no involvement with the Underlying Suit or Attorney Wilding until April 2014 when Omega advised Imperium's third party claim administrator Tristar Risk Management ("Tristar") that Wilding had been hired to represent Omega in the civil suit.

23. In April 2014, Attorney Wilding provided the Tristar representative responsible for managing the McWorthey workers compensation claim information concerning his view of the Underlying Suit.

24. Late in the summer of 2014, a new representative was assigned to manage the McWorthey workers compensation claim.

25. Over a two month period, Attorney Wilding had three or four telephone conversations or email exchanges with the new Tristar representative concerning the McWorthey civil suit.

26. It was clear that confusion, both on the part of Tristar and Attorney Wilding, resulted from a lack of communication as to what Tristar's relationship to the litigation was, if any. Attorney Wilding sent his legal bills to Tristar during this short period of time, and they were paid due to Tristar's mistake of fact.

27. On or about November 14, 2014, Attorney Wilding forwarded McWorthey's settlement demand relating to the Underlying Suit to Tristar.

28. On November 25, 2014, Attorney Wilding emailed Tristar to ask the representative "Are you acting as the administrator for Technology and Imperium? Is there someone else I should be speaking to about the Technology Insurance policy?"

29. Following this email exchange, the Tristar representative spoke to Attorney Wilding, who advised her that he had been hired by Technology Insurance Company to defend Omega in the civil suit. The Tristar representative advised Attorney Wilding that she had no connection or relationship to Technology.

30. Imperium has no knowledge what communication was made to Attorney Wilding or Omega by Technology during this period of time.

31. Within a few weeks of this conversation, Imperium issued to Omega a reservation of rights letter in order to clarify the confusion and to communicate to Omega (even though Omega had never requested coverage or a defense to the Underlying Suit) that there was no coverage for the claims made in the Underlying Suit.

32. Imperium never had any communication with Technology or Omega concerning Attorney Wilding, provision of defense, responsibility of defense, strategy for defense, settlement value, or anything else relating to the Underlying Suit during the period of time when Tristar communicated with Attorney Wilding.

## COUNT I—DECLARATORY JUDGMENT

33. Imperium re-alleges the allegations contained within paragraphs 1 – 31 and incorporates them herein as if fully set forth.

34. Omega has alleged in this action that Imperium waived its right to assert coverage defenses by providing a defense to the Underlying Suit without providing a reservation of rights.

35. Coverage for the claims made in the Underlying Suit is not, and was never, afforded Omega under the Imperium policy.

36. Omega knew at the time the Underlying Suit was filed that coverage was not afforded under the policy, a fact evidenced by Omega's failure to provide Imperium notice of the Underlying Suit.

37. Omega never gave Imperium notice of the Underlying Lawsuit.

38. Omega did not request defense or coverage from Imperium until just before this action was filed approximately eighteen (18) months after the Underlying Suit was filed.

39. Imperium did not hire Attorney Wilding to defend Omega in the Underlying Suit.

40. Omega was unaware of Imperium's involvement *vis-à-vis* Tristar's communication with Attorney Wilding until late November 2014 at the earliest.

41. Omega did not change its position in any way in reliance upon any action or promise made by Imperium or its representatives.

42. Omega was not prejudiced in any way by any actions taken by Imperium as it pertains to the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Imperium Insurance Company respectfully requests judgment in its favor and against Omega Demolition Corporation, and that such judgment declare as follows:

A. That the Imperium policy does not cover any portion of the claim against Omega in the Underlying Lawsuit;

B. That Imperium has no duty to defend or Indemnify Omega in connection with the Underlying Lawsuit;

C. That this Court grant Imperium such other and further relief as it deems just and appropriate under the premises.

> Respectfully submitted,
>
> GALLOWAY, JOHNSON, TOMPKINS
> BURR & SMITH, P.C.
>
> */s/*  ***James C. Morris***
> _____
> Stephen J. Moore (Atty. Reg. #58100)
> James C. Morris (Atty. Reg. #53074)
> 7710 Carondelet Avenue, Suite 217
> St. Louis, Missouri 63105
> Telephone: (314) 725-0525
> Facsimile: (314) 725-7150
> smoore@gjtbs.com
> jmorris@gjtbs.com
> *Attorneys for Imperium Insurance Company*
> *and Tri-Star Risk Management, Inc.,*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically via operation of the Court's CM/ECF system to all counsel of record, this 30th day of July, 2015.

> */s/*  ***James C. Morris***
> _____
> James C. Morris