# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. MCWORTHEY | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-5021 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| TECHNOLOGY INSURANCE COMPANY, INC. and | ) | |
| IMPERIUM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff James McWorthey has moved the Court to dismiss Counts VIII, IX, and X of Intervenor Indiana Compensation Rating Bureau ("ICRB")'s Second Amended Complaint in Intervention pursuant to Federal Rule of Civil Procedure 9(b). (R.189). For the reasons set forth below, the Court denies the motion as to Count VIII. The Court grants the motion, without prejudice, as to Counts IX and X.

## BACKGROUND[1]

On July 23, 2015, McWorthey and Omega entered into an agreement pursuant to Missouri Revised Statute § 537.065, whereby—in exchange for $5,000 and a contemplated assignment of rights—McWorthey released Omega from all obligations owed pursuant to judgment in the Underlying Lawsuit. (R.132-3, the "Missouri '065 Agreement"). After McWorthey secured a $35 million judgment against Omega on July 27, 2015 (the "Judgment"), Omega formally assigned all "interests in, rights to, and claims concerning" the Related Litigation to McWorthey. (R.132-4, the "Missouri '065 Assignment").

In Count VIII of its Second Amended Complaint in Intervention, ICRB alleges that the Missouri '065 Agreement and Assignment conveyed no actionable right to McWorthey as against ICRB, the Policy, the Pool, or Technology. (R.187, Second Am. Compl. ¶¶ 74-79). The Court previously dismissed Count VIII, without prejudice, for failure to allege any facts supporting its claims of "fraud and collusion." (R.173, Order). ICRB subsequently amended its pleading, adding factual allegations derived from document discovery relating to (i) Omega's actual and/or constructive knowledge that it had not procured applicable insurance coverage for

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Court's Memorandum Opinion and Order, dated January 26, 2016, on ICRB's motion to intervene and transfer. (R.127). The Court assumes familiarity with the factual background of this action and the Related Litigation as set forth in that order, and does not recite it here.

the Judgment; (ii) the nature and extent of McWorthey's injuries, including Omega's knowledge thereof; and (iii) Omega's decision to enter into a "lay down judgment" in the Underlying Lawsuit, wherein Omega's counsel did not present evidence, cross-examine witnesses, make an opening or closing statement, or challenge any procedural or substantive aspect of the trial. (*Compare* R.187 at ¶¶ 77-79 *with* R.132 at ¶¶ 77-78). On the basis of these and other factual allegations concerning the purported "sham trial," ICRB added counts for insurance fraud under Indiana law (Count IX) and Illinois law (Count X). (R.187, Second Am. Compl. ¶¶ 80-122). McWorthey now seeks to dismiss Counts VIII, IX, and X for failure to plead with particularity.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he court must review the complaint to determine whether it contains enough fact to raise a reasonable expectation that discovery will reveal evidence to support liability for the wrongdoing alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted). In reviewing a complaint, the Court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Beyond the requirements of Rule 12(b)(6), Rule 9(b) requires all allegations of fraud or mistake to be "stated with particularity." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (citing Fed.R.Civ.P. 9(b)). This requires a party to describe the "who, what, when, where, and how of the fraud." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (citation omitted).

## ANALYSIS

### I.   Count VIII (Declaration Regarding the Missouri '065 Agreement and Assignment)

McWorthey first argues that "the claims in Count VIII are purely opinion-based and without factual support." (R.189, Opening Br. at 4). In reply brief, however, McWorthey observes that ICRB has included "many communications in its 64 page" amended complaint. (R.205, Reply at 12-14). As ICRB notes, "Paragraph 77 includes six subparagraphs, which include the dates, parties, and contents of communications" supporting its Count VIII claim. (R.201, Response Br. at 5-7). These communications concern Omega's knowledge of McWorthey's medical condition and the validity of the damages claimed in the Underlying Lawsuit. Against a Rule 12(b)(6) challenge, ICRB has pled sufficient factual support suggesting a right to declaratory relief above the speculative level. *See Twombly*, 550 U.S. at 555.

McWorthey further argues that ICRB has not stated a claim for fraud, listing the elements of a common law fraud claim and citing to *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 34, 998 N.E.2d 147, 159 (1st Dist. 2013). (R.189, Opening Br. at 5). McWorthey has

2

misconstrued Count VIII. Unlike *Merrilees*, which involved a fraud in the inducement claim, *see* 998 N.E.2d at 154-55, 159, ICRB here seeks a declaration that the Missouri '065 Agreement and Assignment conveyed no actionable rights. Assuming that Missouri substantive law applies (which ICRB contests), the Missouri '065 Agreement and Assignment is valid "if free of collusion or fraud." *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 480 (Mo. Ct. App. 1992). Here, accepting Count VIII's allegations as true, and drawing all reasonable inferences in ICRB's favor, ICRB has pled sufficient factual support to constitute a collusion challenge to the agreement's validity. (R.187 at ¶ 79).[2] On the other hand, assuming that non-Missouri substantive law applies, ICRB has pled sufficient factual support to raise the inference that Omega and McWorthey entered into a legally-unavailable procedural device with knowledge that there was no insurable injury. (*Id.* at ¶¶ 77-79). Under either scenario, ICRB does not seek to recover common law fraud damages. Rather, ICRB seeks a judicial declaration with respect to the validity of '065 Agreement and Assignment. McWorthey's motion fails to acknowledge this distinction. For these reasons, the Court denies McWorthey's motion to dismiss Count VIII.

## II.     Count IX and Count X

In Counts IX and X, ICRB alleges that "McWorthey and/or Omega prepared and presented false information in order to make a claim to an insurer." (R.187, Second Am. Compl. ¶¶ 81, 102). In particular, ICRB alleges that McWorthey and/or Omega presented an unsubstantiated $50 million insurance claim on the basis of "false information" – specifically, information "relating to the nature and extent of McWorthey's injuries, McWorthey's physical and mental condition, and the monetary damages related thereto." (*Id.* ¶¶ 82-83, 103-04; R.187-5, Ltr. from Finney Law Office, LLC to Related Litigation Counsel, dated August 14, 2015, asserting a $50 million settlement demand). In addition, ICRB alleges, "McWorthey and Omega have taken numerous actions to collect on the [Policy], all without legal justification" insofar as they had actual knowledge that the Policy "does not provide coverage for Jones Act exposure and/or for an accident occurring in the State of Kentucky." (R.187, Second Am. Compl. ¶¶ 99, 121).

### A.     Relevant Statutory Provisions

Under Indiana law, if a person "suffers a pecuniary loss as a result of a violation of IC 35-43 . . . the person may bring a civil action against the person who caused the loss[.]" *See* Ind. Code Ann. § 34-24-3-1. Under Indiana Code § 35-43-5-4.5, a person commits insurance fraud where he or she, "knowingly and with intent to defraud," (1) "makes, utters, presents, or causes to be presented to an insurer or an insurance claimant, a claim statement that contains false, incomplete, or misleading information concerning the claim;" or (2) "presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, an oral, a written, or an electronic statement that the person knows to contain materially false information as part of, in support of, or concerning a fact that is material to . . . a claim for payment or benefit under an insurance policy . . . or conceals any information concerning [that] subject[.]" Ind. Code Ann. § 35-43-5-4.5(a)(1), (a)(2)(B).

---

[2] The Court need not determine the ultimate viability of such a challenge at this time.

The Illinois Insurance Fraud statute provides, in part, that:

> A person who knowingly obtains, attempts to obtain, or causes to be obtained, by deception, control over the property of any insurance company, by the making of a false claim or by causing a false claim to be made on a policy of insurance issued by an insurance company . . . shall be civilly liable to the insurance company . . . in an amount equal to either 3 times the value of the property wrongfully obtained or, if no property was wrongfully obtained, twice the value of the property attempted to be obtained, whichever amount is greater, plus reasonable attorney's fees.

720 ILCS 5/17-10.5(e)(1).

ICRB now seeks an "award of damages attributable to McWorthey and Omega's abuse of process and violations of Indiana Code § 35-43-5-4.5 or, in the alternative, 720 ILCS 5/17-10.5 *et seq.*"  (R.187, Second Am. Compl. Prayer for Relief ¶¶ 15-17).

### B. ICRB Has Not Stated a Civil Claim for Insurance Fraud with Specificity

The Second Amended Complaint references two "vessels" of statutory insurance fraud. ICRB describes these as follows:

1. McWorthey's counsel's presentment of correspondence dated August 14, 2015 to the ICRB (attached to the Second Amended Complaint in Intervention as Exhibit E)—a written statement by McWorthey containing known, materially false information relating to McWorthey, Omega, the claim, and the Judgment, and demanding payment directly from the ICRB; and

2. The numerous known, materially false representations made to the St. Louis City Circuit Court, including, but not limited to, the extent of McWorthey's alleged injuries, the location of the accident, and the applicability of the Jones Act.  The extent of McWorthey's alleged injuries theoretically formed the basis for the Court's award of damages and, therefore, the basis upon which McWorthey now seeks collection from Omega's insurers identified in the Agreement.

(R.201, Response Br. at 9).

The first vessel is the global settlement demand letter sent by McWorthey's counsel to all counsel of record in the Related Litigation.  (R.187-5, attached as Exhibit E to the Second Am. Compl.).  Even construing this demand letter as a "statement" or a "claim" within the meaning of Indiana Code § 35-43-5-4.5 or 720 ILCS 5/17-10.5, ICRB has failed to specify the "known, materially false information" which it contains.  The demand letter informs the underlying insurers of the Judgment and demands $50 million to resolve "the bad faith case and garnishment case" against the insurers.  (*Id.*).[3]  It contains no information "relating to the nature and extent of

---

[3] The Court properly considers exhibits attached to the complaint in ruling on a 12(b)(6) motion to dismiss. *See Adams*, 742 F.3d at 729.  Where those exhibits contradict the complaint allegations, moreover, "the exhibits trump the allegations." *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

McWorthey's injuries, McWorthey's physical and mental condition, and the monetary damages related thereto," (R.187, Second Am. Compl. ¶¶ 82, 103), and—contrary to ICRB's suggestion—explicitly observes that "the correct [Jones Act] coverage was never obtained." (R.187-5; *contra* R.187, Second Am. Compl. ¶¶ 99, 121). To the extent ICRB is proceeding under a fraudulent concealment theory, moreover, it has not alleged materiality or fraudulent intent with sufficient particularity in connection with this global settlement letter.[4] *See Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 972 (N.D. Ill. 2014) ("Fraud claims based on state law . . . are subject to the heightened pleading standard of Rule 9(b) when brought in federal court") (citing *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 470 (7th Cir. 1999)).

The second vessel of purported insurance fraud is the "dozens" of statements and representations made by McWorthey and Omega in the Underlying Lawsuit. (R.201, Response Br. at 9). Under this theory, McWorthey and Omega offered certain "false information"—relating to McWorthey's injuries and the existence of Policy coverage therefor—during the course of a "sham trial," which resulted in the entry of a "lay down judgment" for which McWorthey now seeks reimbursement from Technology, ICRB, and/or the Pool. (R.187, Second Am. Compl. ¶¶ 84-89, 105-10). Here, the Court agrees with McWorthey that ICRB has failed to plead—or explain—*how* the myriad communications referenced throughout the Second Amended Complaint plausibly constitute insurance fraud under either Indiana or Illinois law. Absent such particularity, ICRB has failed to satisfy Rule 9(b)'s heightened pleading standard. *See, e.g.*, *Cincinnati Life*, 722 F.3d at 948 (Rule 9(b) requires that a party describe the "who, what, when, where, and how of the fraud") (citation omitted); *id.* at 949 (noting the importance of connecting "specific behaviors to specific causes of action"). In addition, ICRB's practice of pleading against "McWorthey and/or Omega" without distinguishing between the two, and without clarifying *who* spoke *when* on Omega's behalf, does not satisfy Rule 9(b)'s standard. *See Cincinnati Life*, 722 F.3d at 950 ("Appellant's 'and/or' formulations obscure the identifications of the relevant parties and make deciphering the allegations overly complicated . . . Moreover, appellant fails to identify who made these representations on CSB's behalf").

Accordingly, the Court grants ICRB leave to re-plead Counts IX and Count X with the requisite specificity.

---

[4] Fraudulent concealment of a material fact in connection with an insurance claim appears to be actionable as insurance fraud under both Indiana and Illinois law. *See* Ind. Code Ann. § 35-43-5-4.5(a)(2)(B); 720 ILCS 5/17-0.5 (defining "False claim").

## CONCLUSION

For the foregoing reasons, the Court denies McWorthey's motion as to Count VIII. The Court grants the motion, without prejudice, as to Counts IX and X. Given the October 6, 2016 scheduled mediation, if ICRB intends to pursue these counts, it must file an amended complaint in intervention on or before October 11, 2016.

**Dated:** August 18, 2016

_____
AMY J. ST. EVE
United States District Court Jud